## E. S. Bundy, Appellee, v. Nellie Hoyt and Celia Juda, Appellants.

1. ESTOPPEL—*allegations of answer as precluding inconsistent defense.* Where the answer of defendant to a bill to set aside a conveyance as in fraud of creditors expressly admits the validity of the judgment to which complainant asks that the property so conveyed be subjected, defendant cannot be heard to contend that the judgment is invalid.

2. FRAUDULENT CONVEYANCES—*right of subsequent creditor to attack conveyance by debtor as in fraud of creditors.* It is not necessary for a creditor to prove, in order to sustain his bill to set aside a conveyance by the debtor as in fraud of creditors, that the indebtedness for which he seeks protection was in existence at the time of such conveyance.

3. FRAUDULENT CONVEYANCES—*sufficiency of evidence to show conveyance in fraud of creditors.* Evidence in a bill to set aside a conveyance held to support a finding that the conveyance was a fraud upon creditors.

4. FRAUDULENT CONVEYANCES—*necessity that insolvency result from conveyance to render same fraudulent as to creditors.* Where it appeared, upon a bill to set aside a conveyance as in fraud of creditors, that the conveyance in question was fraudulent in fact, it was not necessary for the complainant, in order to be entitled

to a decree subjecting the property to his debt, to show that the conveyance had rendered the defendant insolvent.

5. Fraudulent conveyances—*when knowledge of grantee of fraudulent intent of grantor not essential element*. It is not a prerequisite to a decree for complainant on a bill to set aside a conveyance as in fraud of creditors, that there be proof that the grantee knew of the fraudulent intent of the grantor in making such conveyance, where the evidence did not show that such grantee was a purchaser for a valuable consideration.

Appeal by defendants from the Circuit Court of Franklin county; the Hon. Julius C. Kern, Judge, presiding. Heard in this court at the March term, 1926. Affirmed. Opinion filed July 9, 1926.

J. E. Carr and George Sawyer, for appellants.

Trobaugh & Church and Hart & Hart, for appellee; L. A. Cranston, of counsel.

Mr. Justice Higbee delivered the opinion of the court.

This was a bill in equity brought by E. S. Bundy, appellee, in the circuit court of Franklin county against appellants, Nellie Hoyt and Celia Juda, to set aside an alleged fraudulent conveyance executed on April 30, 1922, whereby certain lots in West Frankfort, Illinois, were conveyed by said Nellie Hoyt to said Celia Juda.

The bill also prayed that the property might be subjected to sale upon an execution issued upon a judgment which appellee had recovered against appellant Nellie Hoyt on October 18, 1923.

The bill alleges in substance that on October 18, 1923, appellee recovered a judgment in the circuit court of Franklin county against appellant Nellie Hoyt and E. C. Peters in the sum of $720.60; that previous to the rendition of the judgment appellant Nellie Hoyt was the owner of certain real estate in the city of West Frankfort; that on March 7, 1924, appellant caused an execution to be issued on the judgment and delivered to the sheriff of that county, and

that on May 13, 1924, the execution was duly levied upon the property.

The bill further alleges that on April 30, 1922, appellant Nellie Hoyt executed a pretended deed conveying the premises in question to Celia Juda for a pretended consideration of $7,000; that the conveyance was not real, but was made with the intention of defrauding appellee and other creditors of appellant, and that no consideration was paid by Celia Juda for the premises; that the same are now held by Celia Juda in trust for Nellie Hoyt, and for the purpose of preventing a levy and sale of the same under said execution; that prior to the pretended conveyance appellant Nellie Hoyt had occupied the premises as a homestead for many years, and has continued to occupy the same since such conveyance, and has continued to pay all taxes and assessments thereon; that Celia Juda is a sister of appellant Nellie Hoyt; that appellant Nellie Hoyt is a person of no financial responsibility and possessed of little or no other property, and that E. C. Peters the other judgment debtor is a person of no pecuniary responsibility, and has no property out of which said judgment may be made.

To the bill appellants filed a joint and several answer admitting that a judgment was entered in the circuit court of Franklin county on October 18, 1923, in favor of appellee and against appellant Nellie Hoyt and E. C. Peters for the sum of $720.60, and that before said judgment was entered Nellie Hoyt was the owner of premises described in the bill. The answer neither admits nor denies the issuance and service of execution as alleged in the bill. It admits the execution of the conveyance as alleged in the declaration prior to the rendition of the judgment, but denies that there was any indebtedness due appellee at that time, and alleges that any indebtedness appellee had against Nellie Hoyt accrued to him long after said conveyance was made. It further admits that the appellant

Nellie Hoyt is occupying the premises in question, but alleges that she is occupying the same as a tenant of Celia Juda. It denies that appellant Nellie Hoyt has paid the taxes on the premises since the conveyance, but states that whatever taxes appear to have been paid by her were paid out of money furnished to her by Celia Juda and that Celia Juda is a near relative of said appellant.

The answer further admits that at the time the execution was served on her appellant Nellie Hoyt had no property and was in financial embarrassment, but alleges that at the time the conveyance in question was made she owned and was in possession of property and effects sufficient to meet all her obligations existing at that time. Other allegations of the bill are specifically denied.

It appears from the record that on the 25th day of November, 1922, one W. A. Kelly obtained a judgment in the circuit court of Franklin county by confession against E. C. Peters and appellant Nellie Hoyt for the sum of $720.60. On February 26, 1923, Peters filed his motion to open up this judgment, and for leave to plead, which motion was granted on the 5th of April, 1923, and at the same time leave was given to amend the declaration by making appellant E. S. Bundy plaintiff, instead of W. A. Kelly. Various rules were entered upon Peters to plead and some pleas were filed, but it appears that on the 18th day of October, 1923, Peters having failed to plead further pursuant to the order of court was defaulted and judgment was entered against him in the sum of $720.60. A writ of scire facias was issued against appellant Nellie Hoyt who did not appear and she, upon default, was made a party to that judgment. That is the judgment mentioned in the declaration and upon which it is alleged the execution was issued.

Attorneys for appellants devoted a considerable portion of their argument to present a contention that

the judgment in question was not a lien against the premises at the time the bill was filed for the reason that the second judgment, that is, the one entered October 18, 1923, did not do away with the one entered November 25, 1922. In other words it is contended that the first judgment was never set aside as to appellant Nellie Hoyt nor reversed, and that it is the only judgment upon which a bill to set aside the conveyance in question could have been predicated.

In our opinion appellants are in no position to raise this question for the reason that their answer expressly alleges "it is true the judgment was entered in the circuit court of Franklin county against defendant, Nellie Hoyt, and E. C. Peters on the 18th day of October, 1923, for the sum of $720.60 in favor of complainant as is alleged in the bill herein." Appellant cannot be heard to deny this allegation of the bill which is expressly admitted by her answer and for the purposes of this suit it must be taken for granted that the judgment in question was a valid judgment. Since the evidence shows that an execution was issued on this judgment within one year and returned wholly unsatisfied, it necessarily follows that if the judgment is a valid one, it was a lien at the time the bill was filed.

Another reason urged by appellants for a reversal of this decree is that the evidence does not show that the debt in question was in existence at the time the conveyance was made by appellant. Neither of appellants testified in their own behalf nor did they introduce any evidence whatsoever. Although they were subpoenaed by appellee as witnesses they did not appear. The evidence does not clearly establish when the debt was contracted, but it tends to show that the son-in-law of appellant, Nellie Hoyt, purchased an automobile about May 31, 1921, for which he gave a note with said appellant, as surety, and this appears to be the indebtedness for which judgment was taken. If the conveyance was a fraud on creditors it was not

necessary for appellee to prove, in order to sustain his bill, that the indebtedness in question existed at the time of the conveyance. In a case, substantially the same in principle as this, our Supreme Court said: "In such a case the conveyance is void as to existing and subsequent creditors. The fraud is a continuing one, and may actually operate as such as well in reference to debts contracted after as before the conveyance." *McKey v. Cochran,* 262 Ill. 376, and cases cited. Under these authorities it was not necessary that appellant should have owed this indebtedness at the time the conveyance was executed to make such conveyance fraudulent as against creditors. In view of all the facts and circumstances in the evidence, we are not prepared to say that the chancellor erred in holding that the conveyance in question was a fraud upon creditors. Counsel for appellants state as another ground for a reversal of this decree that the proof does not show the grantee Celia Juda had any notice or knowledge of any fraudulent intention on the part of appellant Nellie Hoyt. Had the evidence shown that appellant Celia Juda was the purchaser of the premises in question for a valuable consideration, then the conveyance as to her would not have been void unless it was further shown that she had notice of the fraudulent intent of Nellie Hoyt, but such was not the case here. (Cahill's St. ch. 59, ¶ 5.)

It is also claimed by appellants that the evidence does not show that the conveyance of the property in question rendered appellant Nellie Hoyt insolvent. It was alleged in the bill that the conveyance was fraudulent in fact, and we cannot hold that the court was not justified in so finding. Under these circumstances it was not necessary for appellee to establish that the conveyance made appellant insolvent. *State Bank of Clinton v. Barnett,* 250 Ill. 312. The decree will therefore be affirmed.

*Decree affirmed.*